derstand, therefore, with what great reluctance we grant this motion to quash.

*White,* Attorney General.   That applies to all of the indictments ?

*Josiah Marvel,* for the defendant.   Then I make the motion in regard to them all.   Shall I call them by name?

PER CURIAM.   Without calling the names, with the consent of the Attorney General, the understanding is that it applies to them all, and these indictments are quashed.

---

STATE OF DELAWARE *vs.* EDWARD CLARK.

New Castle County, November Term, 1896.

**Indictment. Election.**—In an indictment for publishing a false certificate of the result of an election, it is sufficiently certain to allege that the defendant " did then and there wilfully and unlawfully publish a false certificate of the result of said election by then and there making a false return to the Board of Canvass, etc., of the number of votes given at said election.

**Same.**—A count in an indictment for publishing a false certificate of the result of an election is sufficiently certain if it allege that the defendant did "wilfully, fraudulently and unlawfully make an alteration in said certificate of election by then and there changing the number of votes giving at said election," etc.

This was an indictment for publishing a false certificate of the

result of an election.   The prosecution was under Sections 37 and 40 of the Act of 1891, Rev. Code (1893) 216–7.

The indictment alleged that the defendant " did there and then wilfully and unlawfully publish a false certificate of the result of said election by then and there making a false return to the Board of Canvass of New Castle County of the number of votes given at said election," etc.

The second count charged that he did " wilfully, fraudulently and unlawfully make an alteration in said certificate of election by then and there changing the number of votes given at said election on the," etc.

*A. B. Cooper,* (*Josiah Marvel* with him) for the defendant, moved to quash the indictment, contending (1) that it was too un-certain.   Not only must it be alleged that an offence was committed but how it has been committed and the precise facts which consti-tute the offence ; Heard, Cr. Pl. 30, 94, 99, 102, 162; 1 Bishop, Cr. Proc. 625, 627 ; 1 Whart. Crim. L. 372 ; McCrary, Elections §§ 557, 571, 573, 578 ; *U. S. vs. Cruikshanks,* 92 U. S. 544, 557 ; *Regina vs. Knott,* 4 Q. B. 783 ; *Com. vs. Slack,* 19 Pick. 307 ; *Com. vs. Gillespie,* 7 S. & R. 469; *People vs. Gates,* 13 Wend. 311 ; *U. S. vs. Hess,* 124 U. S. 483 ; *State vs. Vincent,* 1 Marvel 560.

(2)   When the gist of the indictment is alteration and after-wards the publishing of a false written instrument, it must be set out in the very words or at least it must be sufficient to answer the purpose of exact notice of the facts relied upon as constituting the crime; Heard, Crim. Pl. 202, 222; 1 Whart. Cr. L. 306, 606, 609 ; *Broadland vs. Regina,* 3 Q. B. D. 607.

(3)   As to the indictment under § 37, the word publish refers to the certificate of election made by the Board of Canvass, which alone does publish, because the law requires the election officer to keep the certificate and deliver it to the sheriff; there is no publi-cation by him.

(4)   Section 40 has no application to election cases.   Section 18 excludes such an idea.   If § 40 does apply it is fatal, because

there is no allegation that it was a paper " directed to be made, filed or published. Then, too, there is an exception in § 40 which should be negatived.

*White*, Attorney General, for the State.

The Sections 37 and 40 are the same as § 189, Rev. Code 212 and § 23, *id.* 167.

1.  As to the objection for want of certainty, the rule is that in cases of misdemeanor a substantial statement of the offence is sufficient; 1 Archb. Cr. Pl. & Pr. 86, and as to misdemeanors the ancient strictness is relaxed ; id. 92.

We have alleged an alteration and that it consisted in changing the unmber of votes given for William R. Flinn. We have alleged all that we could. The evidence of the actual alteration is locked up in the ballot boxes. There is enough on the face of the certificate to show that there was an alteration, but as to what that alteration was we are not apprised at this time. Hence the allegation is sufficient. *Minchner vs. State*, 7 Atl. Rep. (Md.) 451 ; *State vs. Granville*, 12 N. W. Rep. (Ohio) 803 ; *Com. vs. McGurty*, 14 N. E. Rep. (Mass.) 98 ; *U. S. vs. Pendegrast*, 32 Fed. Rep. 198,

2.  As to the indictment under § 37, there is a broad distinction between this and forgery or publishing obscene matter, etc. There the offences are in the words; but here is a paper writing required to be made by the law of the State. We allege a false certificate of said election. It was a false representation of a paper writing required under the statute.

3. At the close of the indictment we do negative the exception. True, no time is alleged, but that is not required in negative averments, and if it were necessary it would be referred to the time of the offence as laid.

PER CURIAM. We think the indictment sufficient and accordingly the motion to quash must be denied.